**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **FRANCIS CALLIER, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 21-00521-JB-N** |
| ) | |
| **OUTOKUMPU STAINLESS USA, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER DENYING CONDITIONAL CLASS CERTIFICATION**

This matter is before the Court on Plaintiffs' "Motion(s) for Conditional Collective Certification, Court-facilitated Notice, and Production of Contact Information (and incorporated memorandum of law)" filed on January 7, 2022 (Doc. 16), Plaintiffs' Evidentiary Submission (Doc. 43), Defendant's Brief in Opposition to Plaintiffs' Motion for Conditional Certification (Doc. 37), and Defendant's Evidentiary Submission in Support of Its Opposition (Doc. 38).  Also before the Court is the parties' Joint Submission (Doc. 42) in response to the Court's order of January 26, 2022 (Doc. 33).

For the following reasons, the Court finds Plaintiffs' Motion for Conditional Certification is due to be denied, without prejudice.  Defendant is ordered to circulate the Acknowledgment Form(s) (attached hereto as Exhibits A and B) and Notice (below) in accordance with the instructions herein.

**I.    Background**

Named plaintiffs, three hourly employees of Defendant, filed this collective action in December, 2021, against Defendant, a steel manufacturer.  (Doc. 1).  Plaintiffs allege Defendant's

time and pay keeping practices incorporate a series of FLSA violations, resulting in under or un-paid overtime.  Plaintiffs also seek relief under the common law of Alabama for unpaid straight time worked.  This is the third such case asserted against Defendant; *see Hornady, et. al. v. Outokumpu Stainless USA, LLC, 1:18-CV-00317-JB-N* (also a collective action) and *Gibson v. Outokumpu Stainless USA, LLC, 1:21-CV-00103-JB-N* (a single plaintiff).  As is well set out elsewhere, the Court entered a default judgement against Defendant on liability in *Hornady*, pursuant to its inherent power to issue case-ending sanctions and Fed. R. Civ. Pro. 37 for discovery abuses, in November 2021.  (*See* Doc. 344 in *Hornady, et. al. v. Outokumpu Stainless USA, LLC, 1:18-CV-00317-JB-N*).

In their Motion, Plaintiffs seek an order, pursuant to the Fair Labor Standards Act, 29 U.S.C. 216 (b), holding that the above-captioned case can proceed as a conditionally certified collective action.  (Doc. 16).  The collective, as proposed by Plaintiffs, should consist of all current and former manufacturing employees at Defendant's steel mill in Calvert, Alabama, who are or were paid on an hourly basis and who received payment since November 1, 2018 for work performed for Defendant.  (*Id.*).  Plaintiffs also seek notice to be given to the putative collective. In order to facilitate notice, Plaintiffs request an order requiring Defendant to produce the last known contact information of all its current and former hourly wage manufacturing employees who have been employed by Defendant at its Calvert, Alabama facility since November 1, 2018. (*Id.*).

## II.    Applicable Law

The Eleventh Circuit, as with most other circuits, employs a two-step approach to certify a FLSA collective action under 29 U.S.C. § 216(b).   The first step concerns whether notice of the

FLSA action should be given to potential collective members. *Grable v. C P Sec. Groups*, 2022 U.S. Dist. LEXIS 7351, *4-5 (M.D. Ga. January 14, 2022) (citing *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001)). "The sole consequence of conditional certification is the sending of court-approved written notice to employees, . . . who in turn becomes parties to collective action only by filing written consent with the court, §216(b)." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013); *see also, Hipp v. Liberty Nat'l Life Ins. Co.,* 252 F.3d 1208, 1218 (11th Cir. 2001) ("If the district court 'conditionally certifies' the class, putative class members are given notice and the opportunity to 'opt-in.'"); *Williams v. Omanisky*, 2016 WL 297718 at *3 (S.D. Ala. Jan. 21 2016).

When determining whether to send a court-approved notice to employees, "the court must ask whether there are other employees who desire to opt in and whether those employees are similarly-situated with respect to their job requirements and pay provisions." *Id.* (quoting *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1258 (11th Cir. 2008) (quoting *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991)). "The district court is to 'satisfy itself' only: 'that there are other employees . . . who desire to 'opt in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Hornady v. Outokumpu Stainless United States*, 2019 U.S. Dist. LEXIS 241243, *5 (S.D. Ala. May 30, 2019) (quoting *Dybach*, 942 F.2d at 1567-68). "The district court's decision is 'usually based only on the pleadings and any affidavits which have been submitted.'" *Hornady*, 2019 U.S. Dist. LEXIS 241243, at *4 (quoting *Hipp*, 252 F.3d at 1218). "Because there is limited evidence at this early stage in litigation, this determination is made using a fairly 'lenient standard' which typically results in conditional certification." *Id.* at *5.

Though this determination is made using a fairly lenient standard, "the Eleventh Circuit has held that 'plaintiffs have the burden of demonstrating a reasonable basis for crediting their assertions that aggrieved individuals exist[] in the broad class that they propose[].'" *Brooks v. BellSouth Telcoms, Inc.*, 164 F.R.D. 561, 567-568 (N.D. Ala. 1995) (quoting *Haynes v. Singer Co., Inc.,* 696 F.2d 884, 887 (11th Cir. 1983) (affirmed *Brooks v. Bellsouth*, 1997 U.S. App. LEXIS 11268 (11th Cir. April 28, 1997)).  Plaintiff may not maintain a representative action under § 216(b) unless the Court is convinced the employees to be represented are similarly situated.  "In order to be entitled to conditional class certification plaintiff has to submit evidence establishing at least a colorable basis for his claim that a class of similarly situated plaintiffs exist." *Brooks*, 164 F.R.D. at 567 (finding plaintiff had not "met his burden of demonstrating a reasonable basis for presuming that similarly situated, aggrieved individuals exist in the class of persons that he propose[d] for conditional class certification")).

In *Haynes*, on appeal from the district court's decision to deny notice to the plaintiff's desired collective, the Eleventh Circuit noted "[o]ur review of that decision must be premised upon the evidence that was before the district court at that time. There was none." *Haynes v. Singer Co.*, 696 F.2d at 887. The "[district] judge had before him only counsel's unsupported assertions that FLSA violations were widespread and that additional plaintiffs would come from other stores."  *Haynes*, 696 F.2d at 887.  Similarly, in *Brooks*, the Eleventh Circuit affirmed denial of the putative collective when the evidence submitted by the plaintiff amounted to "three documents." *Brooks*, 164 F.R.D. at 567 ("After reviewing all the evidence submitted by the plaintiff, the court finds that plaintiff has not demonstrated a sufficient factual basis on which a reasonable inference could be made that defendants orchestrated or implemented a single

decision, policy, or plan to discriminate against their management employees on the basis of age.")

III.   **Analysis**

Defendant contends Plaintiffs have not met their burden and have not presented any evidence of the allegedly similarly-situated pay practices resulting in a failure to pay overtime. (Doc. 46). Defendant points out "Plaintiffs failed to submit any declarations from themselves or any other opt-in plaintiffs in support of their Motion or any evidence from the relevant time period, and instead rely on nothing but general allegations that Plaintiffs and members of the proposed class were not properly compensated under the FLSA." (*Id.*). Defendants are correct. In their Motion, Plaintiffs make the following assertion as support for their position there are other employees who are similarly situated and who wish to opt-in:

> All of the hourly, non-exempt, manufacturing employees in Calvert were subject to the same time and pay practices. All of the same time and pay practices which were the subject of the allegations in *Hornady* when conditional certification was entered without opposition are also alleged in this case. The additional allegations here are based on testimony of Defendant's representatives in the Hornady case which also purported to described practices which were applicable to all the hourly, non-exempt manufacturing employees.

(Doc. 16).

In their reply, Plaintiffs explain they "[chose] to primarily use the evidence OTK provided in *Hornady*." (Doc. 44). In fact, Plaintiffs rely entirely on the record in *Hornady*, including declarations filed at the outset of the litigation (July, 2018) and depositions taken during the pendency of the action (March 2020). Plaintiffs attempt to justify this reliance by titling it "what this Court has already read and said." (Doc. 44). Plaintiffs argue the issue is Defendant's time keeping and pay practices – the "unified policies, plans and procedures" -- "which [Defendant]

has already repeatedly explained applied to all hourly employees." (*Id.*).  Plaintiffs contend the "record evidence [in *Hornady*] substantiates that OTK's hourly employees are similarly situated in all material ways."  (Doc. 44).  However, Defendants correctly argue this evidence is not before the Court in this litigation.

To overcome Defendant's position, Plaintiffs suggests this Court may "even take judicial notice" of the record in *Hornady;* however, Plaintiffs' suggestion does not take into account the relevant rule.  Rule 201(b) of the Federal Rules of Evidence provides:

> (b) Kinds of Facts That May Be Judicially Noticed.  The court may judicially notice a fact that is not subject to reasonable dispute because it:
> (1) generally known within the trial court's territorial jurisdiction; or
> (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Fed.R.Evid. 201(b).  A case on which Plaintiffs rely explains further: "[A] court may take judicial notice of the undisputed matters of public record, *i.e.*, the fact that hearings and prior proceedings took place, and what was said in those proceedings, but it may not take judicial notice of disputed facts stated in public records for their truth." *In re Cole v. Patton*, 2019 U.S. Dist. LEXIS 125712, at *1 (M.D. Fla. July 29, 2019) (quoting *Amcal Gen. Contractors, Inc. v. Ace Am. Ins. Co.*, 2009 U.S. Dist. LEXIS 97111, at *3 (C.D. Cal. Oct. 20, 2009)).  A court may not take judicial notice of a fact that is subject to reasonable dispute.  *Amcal*, 2009 U.S. Dist. LEXIS 97111, at *3.  "Generally, a court can take judicial notice of 'what was said and what the judge ruled in another court proceeding, as such matters are not subject to reasonable dispute; however, the Court may not take judicial notice of any statements for their truth, as the veracity of statements

are subject to reasonable dispute.")). *In re Cole*, 2019 U.S. Dist. LEXIS 125712, at *1 (quoting

*Walter v. McIntosh*, 2013 U.S. Dist. LEXIS 111179 (M.D. Fla. Aug. 7, 2013)).

The Eleventh Circuit provided an extended discussion of judicial notice in *United States v.*

*Jones*, 29 F.3d 1549 (11th Cir. 1994):

> In order for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite. 21 C. Wright & K. Graham, Federal Practice and Procedure: Evidence § 5104 at 485 (1977 & Supp.1994). Since the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed, the fact must be one that only an unreasonable person would insist on disputing. *Id*. If it were permissible for a court to take judicial notice of a fact merely because it has been found to be true in some other action, the doctrine of collateral estoppel would be superfluous. *Id*. at 256–57 (footnote omitted). Moreover, to deprive a party of the right to go to the jury with his evidence where the fact was not indisputable would violate the constitutional guarantee of trial by jury. Id. at 485. *Accord United States v. Aluminum Co. of America*, 148 F.2d 416, 446 (2d Cir.1945) (L. Hand, J.).

*Jones*, 29 F.3d at 1553 (vacating summary judgment where the district court's decision was an

impermissible finding of fact based on inadmissible evidence because it relied on an order in

another, albeit related, matter).

More recently the Eleventh Circuit cautioned that judicial notice "bypasses the

safeguards" in the litigation process.  In *Kerruish v. Essex Holdings, Inc.*, the Court stated:

> But 'the taking of judicial notice of facts is, as a matter of evidence law, a highly limited process. The reason for this caution is that the taking of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court.' *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) (en banc) (per curiam) (declining to take judicial notice of newspaper accounts or press releases of a public official's conduct). '[T]he kinds of things about which courts ordinarily take judicial notice are' things like 'scientific facts: for instance, when does the sun rise or set,' or 'matters of geography.' *Id.*

777 F. App'x 285, 293-294 (11th Cir. June 6, 2019) (holding Rule 201 does not allow the reverse of a grant of summary judgment by relying on an affidavit never made part of the district court record, "[a]nd we see hearsay problems lurking were we to do so.")

The Court is mindful the "FLSA is a remedial statute that has been construed liberally to apply to the furthest reaches consistent with congressional direction." *Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1265 (11th Cir. 2008).  However, Plaintiffs' position stretches the bounds of leniency and liberality.  While it would certainly streamline matters for the Court to take judicial notice of the *Hornady* facts, the Court declines to exercise its discretion to do so. Under Fed. R. Evid. 201(b), facts to be judicially noticed must be "not subject to reasonable dispute."  The *Hornady* facts and allegations were accepted as true as a result of Defendant's default.  (Doc. 344 and 351).  The fact of the default in *Hornady* will do nothing to help satisfy Plaintiffs' burden of proof in this case.  Moreover, the class in *Hornady* was conditionally certified with Defendant's acquiescence.   The Court will not exercise its discretion and deem these same facts to be true, and therefore, undisputed, in this litigation.

Plaintiffs must meet their burden.  Absent declarations, affidavits, or properly submitted evidence, the Court finds they have not met their burden. Plaintiffs' motion for conditional certification is denied without prejudice.   However, the Court agrees with Plaintiffs, the conditional certification stage is not the time to consider Defendant's defenses or declarations. Rather, the "second stage" of the two-step approach to certification of a collective often requires the collective to overcome a motion to decertify.  This "second stage is triggered by an employer's motion for decertification."  *See Morgan*, 551 F.3d at 1261 (citing *Anderson*, 488 F.3d 945, 953 (11th. Cir. 2007)) "[A]t the second stage, 'although the FLSA does not require potential class

members to hold identical positions, the similarities necessary to maintain a collective action under § 216(b) must extend beyond the mere facts of job duties and pay provisions' and encompass the defenses to some extent." *Id.* (quoting *Anderson*, 488 F.3d at 953 (citation and quotation marks omitted)).

IV.    **Joint Submission: Proposed Acknowledgement and Notice Forms**

On January 13, 2022, Plaintiffs filed a Motion for Immediate Hearing and Other Related Relief, concerning "what appears to be a serious interference by Defendant … with the collective action notice process."  (Doc. 26).  The Court heard arguments on the Motion, and instructed Defendant to provide a notice and an amended acknowledgment form to the employees who received voluntary payments from the Defendant for any time rounded off from November 1, 2018 forward.  The Court anticipated Defendant would meet with those employees regarding the amended acknowledgment forms.  Upon due consideration, the Court orders as follows:

1)    The Amended Acknowledgment form (attached hereto as Exhibit A) shall be distributed by Defendant to those individuals who are (a) not Plaintiffs in this civil action or the *Hornady, et al. v. Outokumpu Stainless USA, LLC*, matter (such Plaintiffs are "Represented Employees"), and (b) who signed Acknowledgment forms in connection with payments offered by Defendant in January, 2022 ("Prior Payees").

2)    The Amended Acknowledgement form (Exhibit A) shall be hand-delivered to Prior Payees with the following notice:

"You are being provided with an Amended Acknowledgment regarding certain overtime payments that were made to you in January 2022. This Amended Acknowledgment clarifies that: (a) any payments you received did not constitute a settlement or release of any claim you might have under the Fair Labor Standards Act, and (b) acceptance of these payments does not foreclose your ability to join any collective action that may or may not proceed in the future."

3) The Acknowledgement Form (attached as Exhibit B) will be utilized for future payments, if any, to employees other than Represented Employees ("Future Payees").

The parties agreed Exhibit B will need to be revised, in consultation with Plaintiffs' counsel, for Represented Employees. The parties agreed Exhibit A will need to be revised for Prior Payees who have become Represented Employees since signing the prior acknowledgment. (*See* Doc. 42).

IT IS FURTHER ORDERED that the parties shall use the Acknowledgment forms attached hereto and incorporated herein as Exhibit A and Exhibit B.

**DONE and ORDERED** this 24th day of March, 2022.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

## AMENDED ACKNOWLEDGMENT

### (This Acknowledgment Replaces the January 2022 Acknowledgment)

1. I, _____, Employee ID #_____, understand that my employer, Outokumpu Stainless USA, LLC ("OTK") had previously represented to me, in January 2022, that, upon my signing of a prior version of this acknowledgment, (a) OTK would make a payment to me of _____00/100 Dollars ($_____) minus applicable withholdings, and (b) OTK would pay such amount to me by direct deposit through the normal payroll process.  My signature below confirms that I signed a prior acknowledgment and that this payment has already been made.

2. I understand that OTK has represented to me that, from November 1st, 2018 to November 27th, 2021, if my time worked had been recorded each workday from the time I clocked in until the time I clocked out, with no rounding, I would have received additional gross overtime pay of _____and 00/100 Dollars ($_____), I understand that OTK has represented to me that, although the Company is not obligated to make this payment, the payment OTK will pay to me upon signing this acknowledgment in paragraph 1 is two (2) times this amount of additional gross overtime pay, and serves to compensate me for the overtime I would have received with no rounding during the three year time period.

3. My acceptance of this lump sum payment was not a settlement of any overtime pay claims that I may have.

4. Acceptance of this lump sum overtime payment does not foreclose my ability to join any lawsuit for overtime pay that may or may not proceed in the future.

_____
Signature

Date:_____

**EXHIBIT B**

**<u>ACKNOWLEDGMENT</u>**

1. I, _____, Employee ID #_____, understand that my employer, Outokumpu Stainless USA, LLC ("OTK") has represented to me that, upon my signing of this acknowledgment, (a) OTK will make a payment to me of _____00/100 Dollars (\$_____) minus applicable withholdings, and (b) OTK will pay such amount to me by direct deposit through the normal payroll process.

2. I understand that OTK has represented to me that, from November 1st, 2018 to November 27th, 2021, if my time worked had been recorded each workday from the time I clocked in until the time I clocked out, with no rounding, I would have received additional gross overtime pay of _____and 00/100 Dollars (\$_____), I understand that OTK has represented to me that, although the Company is not obligated to make this payment, the payment OTK will pay to me upon signing this acknowledgment in paragraph 1 is two (2) times this amount of additional gross overtime pay, and serves to compensate me for the overtime I would have received with no rounding during the three year time period.

3. The acceptance of this lump sum payment is not a settlement of any overtime pay claims that I may have.

4. Acceptance of this lump sum overtime payment does not foreclose my ability to join any lawsuit for overtime pay that may or may not proceed in the future.

_____
Signature

Date:_____