IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FRANCIS CALLIER, et al. | ) ) |
|     Plaintiffs, | ) ) |
| v. | )    CIVIL ACTION NO. 1:21-00521-JB-N ) |
| OUTOKUMPU STAINLESS USA, LLC, | ) ) |
|     Defendant. | ) |

## REPORT AND RECOMMENDATION

This action is before the Court *sua sponte* for a recommendation that opt-in Plaintiff Chad Clonts be dismissed pursuant to Rule 41(b) and the Court's inherent authority. On December 9, 2025, counsel for Plaintiffs moved to withdraw from representation of Clonts (Doc. 268). Counsel noted that Clonts had become "unresponsive to efforts to communicate with him via telephone, email, and mail…." (*Id.*, PageID.5164).

Counsel's motion was referred to the undersigned, who granted the request on December 12, 2025 (Doc. 270). The Court's order directed Clonts to file a notice indicating whether he would proceed *pro se* or have counsel file an appearance on or before January 2, 2026. (*Id.*, PageID.5168). To date, Clonts has made no filing, no additional counsel has appeared, and no mailing has been returned as undeliverable.

An action may be dismissed if a plaintiff fails to prosecute it or if he fails to comply with any court order. Fed. R. Civ. P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631 (1962) (holding district courts have the power to *sua sponte*

dismiss a cause of action for failure to prosecute); *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation), cert. denied, 549 U.S. 1228 (2007); *Wilson v. Sargent*, 313 F.3d 1315, 1331-32 & n.7 (11th Cir. 2002) (holding that a prisoner's failure to pay the partial filing fee under § 1915 is a basis for dismissal); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("A district court has authority under Federal Rule[ ] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.") (internal quotes omitted).

Clonts was cautioned that a failure to respond would be deemed an abandonment of this action and would result in a recommendation of dismissal. Accordingly, the undersigned **RECOMMENDS** that opt-in Plaintiff Chad Clonts be dismissed from this action without prejudice.

**Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 20th day of January, 2026.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**